RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/13/05

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| UNITED STATES OF AMERICA | ) | ACTION NO. 04-1619  03-60022-01 |
|---|---|---|
| | ) | |
| VERSUS | ) | JUDGE HAIK |
| | ) | |
| JOHN DOUGLAS HIGLEY | ) | MAGISTRATE METHVIN |
| | ) | |

## ORDER

**UPON RECONSIDERATION** of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. # 28) filed by the Defendant, and after due consideration of the memorandum in support, this Court finds that the sentence imposed in this case should not be upset at this time.

The Defendant pleaded guilty to Receiving Child Pornography (Count 1) in violation of 18 U.S.C. §2252A(a)(2) and Mail Fraud (Count 2) in violation of 18 U.S.C. § 1341. This Court determined that Defendant's total offense level was 22. Based on this Court's determination that Defendant possessed an excessive collection of child pornography, and that such circumstances were not adequately taken into consideration by the sentencing Commission, this Court added a 2-point enhancement as authorized by U.S. Sentencing Guidelines, bringing his offense level up to 24. In light of Defendant's criminal history score of I, his sentence range under the Guidelines was 51-63 months, subject to the statutory maximum penalty of fifteen (15) years for Count 1 (18 U.S.C. § 2252(a)(2)) and twenty (20) years for Count 2 (18 U.S.C. § 1341). On July 30, 2003, this Court sentenced the Defendant to sixty three (63) months incarceration.



After the Defendant's sentencing hearing, the Supreme Court's decision in *Booker/Fanfan* substantially altered the sentencing regime under the Guidelines. Although this Court must still carefully consider the detailed statutory scheme created by the Sentencing Reform Act of 1984 and the Sentencing Guidelines, the Supreme Court's excision of subsection 3553(b)(1) converts the Guidelines from a mandatory regime to a discretionary regime. Under this new regime, this Court continues to make decisions about sentencing factors on the preponderance of the evidence. Upon review of all materials submitted in this case and considering the factors as set forth in 18 U.S.C.A. section 3553, this Court maintains that a sentence of sixty-three (63) months incarceration is warranted by the relevant facts of this case. Furthermore, this Court finds that **Booker** is not applicable retroactively to cases on collateral review.

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. # 28) filed by the Defendant in the above captioned matter, be hereby **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 14th day of June, 2005.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE